UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 1 6 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Geraldine Talley Hobby, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 10 1954 |
| The District of Columbia ) Government *et al.*, ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The complaint, not a model of clarity, arises from plaintiff's former employment with the District of Columbia public school system from 1967 to 1992 and her alleged wrongful termination in 1995. This Court previously dismissed, as time-barred, plaintiff's complaint based on the same events forming the basis of this action. *See Hobby v. District of Columbia*, No. 07-1061 (RMC) (D.D.C. Nov. 29, 2007) (Memorandum Opinion [Dkt. # 19]). Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts'. . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S.

90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously").

Buried in plaintiff's lengthy, un-paginated submission is her request to be reinstated so that she can collect a pension to which she claims entitlement. Consideration of the claim for reinstatement would necessarily require the litigation of barred issues. Moreover, the Court lacks subject matter jurisdiction over plaintiff's pension claim, which must be pursued, if at all, under the District's Comprehensive Merit Personnel Act ("CMPA"). *See* D.C. Code § 1-601.01(2) (covering "benefits relating to appointments, promotions, discipline, separation, pay, unemployment compensation, health, disability and death benefits, leave, retirement, insurance, and veterans preference"); *Osekre v. Gage*, 698 F. Supp. 2d 209, 211 (D.D.C. 2010) ("With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind.") (quoting *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000)) (other citation omitted); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 77 (D.D.C. 2007) (concluding that "to the extent that Counts 1 through 2 [of the complaint] purport to substantively challenge [p]laintiffs' alleged terminations or the denial of their workers' compensation claims, those claims may only be asserted via the mechanisms provided by the CMPA, and not in an action before this Court."). A separate Order of dismissal accompanies this Memorandum Opinion.

*/s/ Rosemary M. Collyer*
United States District Judge

Date: November 9, 2010